IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEIVI ORLANDO PEREZ HERNANDEZ,

    Petitioner,

v.                                                                                          Case No. 2:25-cv-01099-JB-LF

PAMELA BONDI, Attorney General of
the United States; KRISTI NOEM,
Secretary of the Department of Homeland
Security, (DHS); TODD LYONS, Acting
Director of Immigration & Customs
Enforcement, (ICE); and DORA CASTRO,
Warden of Otero County Processing Center

    Respondents.

## ORDER FOR SERVICE AND TO SHOW CAUSE

THIS MATTER is before the Court on Petitioner Deivi Orlando Perez Hernandez's Verified Habeas Corpus Petition (Doc. 1). The Honorable James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 3.

Petitioner has lived in the United States after entering without parole or inspection in September of 2021.[1] Doc. 1 ¶ 16. A Notice to Appear in Removal Proceedings was issued approximately four years later, and Petitioner has been detained by Immigration and Customs Enforcement ("ICE") since October 7, 2025. *Id.* ¶¶ 17–18. Petitioner requested bond on

---

[1] The Court recognizes that Respondents have not had the opportunity to respond to the petition; therefore, the Court assumes the truth of the allegations in the petition for purposes of this order only.

October 15, 2025, and was denied a bond hearing on October 16, 2025. *Id.* ¶ 21. Petitioner has not appealed the order after concluding that a recent Board of Immigration Appeals ("BIA") decision would render any appeal before the BIA futile. *Id.* ¶¶ 21–22, 25–26. Petitioner argues that his continued detention violates his Fifth Amendment right to substantive and procedural due process and the Administrative Procedures Act. *Id.* ¶¶ 27–35. Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and asks the Court to direct Respondents to immediately release Petitioner from custody, to enjoin Respondents from further detaining Petitioner unlawfully, and to award Petitioner costs and attorney's fees pursuant to the Equal Access to Justice Act. *Id.* at 4, 13.

Having reviewed the current filings, the Court directs Petitioner to effectuate service of the petition and this Order on Respondents by **Wednesday, November 26, 2025**.[2] Petitioner shall file proof of service in conformity with the requirements of Federal Rule of Civil Procedure 4. Respondents are ordered to respond to the Petition and show cause why it should not be granted within three days of receipt of service, though for good cause they may move for additional time not to exceed twenty days. *See* 28 U.S.C. § 2243.

---

[2] Some courts serve the respondents in cases brought under 28 U.S.C. § 2241. *See, e.g., Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *see also* Rule 4, Rules Governing Section 2254 Cases (hereinafter "Section 2254 Rules"). In those cases, courts apply the Section 2254 Rules to § 2241 petitions. *See Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (finding that the district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition."); *see also* Rule 1(b), Section 2254 Rules ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254].").

Here, the Court declines to apply the Section 2254 Rules to Petitioner's § 2241 petition, because the application of those rules to a § 2241 petition is discretionary, and Petitioner has not requested that the Court apply the rules to this case. *See Gil Li v. Anda-Ybarra, et al.*, 1:25-cv-00493-MLG-GJF, Doc. 2 at 2 n.1 (D.N.M. filed May 28, 2025) (declining to apply the Section 2254 Rules to a § 2241 immigration habeas petition). Instead, the Court will follow the more expeditious procedure laid out in 28 U.S.C. § 2243.

    The Court will set a hearing within five days after the Respondents file their response unless good cause is shown for additional time. *See id.* Petitioner's reply, if any, is due three days after the response is filed, absent a written motion showing good cause for an extension of time. *See* FED. R. CIV. P. 6(b).

    IT IS SO ORDERED.

    _____
Laura Fashing
United States Magistrate Judge