IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEIVI ORLANDO PEREZ HERNANDEZ,

    Petitioner,

v.                                          Case No. 2:25-cv-01099-JB-LF

PAMELA BONDI, Attorney General of
the United States; KRISTI NOEM,
Secretary of the Department of Homeland
Security, (DHS); TODD LYONS, Acting
Director of Immigration & Customs
Enforcement, (ICE); and DORA CASTRO,
Warden of Otero County Processing Center

    Respondents.

## AMENDED ORDER TRANSFERRING CASE[1]

THIS MATTER is before the Courts on the parties' Joint Motion to Transfer Pursuant to 28 U.S.C. § 1406(a) (Doc. 40). The parties agree that Petitioner appears to have been located at or near El Paso at the time of filing, and that Petitioner continues to be physically located in El Paso, Texas. Doc. 40 at 1.

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition *in the district of confinement*." *Al-Pine v. Richerson*, 763 F. App'x 717, 720–21 (10th Cir. 2019) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)). Complications arise when a petitioner's location at the time of filing cannot initially be determined. For example, when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the

---

[1] The previous Order Transferring Case (Doc. 41) is amended only to correct typographical errors in the citation to 28 U.S.C. § 1631 on the final page.

immediate custodian and district of confinement rules." *Padilla*, 542 U.S. at 450 n.18.  In such a case, the petitioner's attorney must be allowed to file the case in the district of the petitioner's last-known location against the petitioner's ultimate custodian.  *See Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *4–6 (4th Cir. July 1, 2025).  However, where a petitioner's location, while unknown at the time of filing, is later revealed to be in district different from where the case was filed, transfer to the correct jurisdiction is appropriate.[2]  *See Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025) (holding that a § 2241 habeas petition initially filed in the petitioner's last location, the District of Massachusetts, was appropriately transferred to the District of Vermont pursuant to 28 U.S.C. § 1631 after it became undisputed that the petitioner was in Vermont at the time of filing).

 The petition in this matter was filed in this District on November 5, 2025, at 10:21 p.m. MST.  *See* Notice of Electronic Filing for Doc. 1.  Petitioner's counsel filed the petition in this District under the belief that Petitioner was located at the Otero County Processing Center in New Mexico.  Doc. 23 at 9.  Indeed, Immigration and Custom Enforcement ("ICE")'s Detainee Locator listed Petitioner as in custody at the Otero County Processing Center, *see* Doc. 1-6, and entries in ICE's database reflect that Petitioner was in custody at the Otero County Processing Center on November 5, 2025, *see* Docs. 33-1, 33-2, 37-1.  However, Respondents later argued and presented evidence that the ICE records on which Petitioner relied were erroneous, and that

---

[2] However, it is well established that once a habeas matter is filed in the correct district, the petitioner's transfer to another district *after* filing does not destroy the district court's jurisdiction.  *Padilla*, 542 U.S. at 440–41; *see also Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").

the Court lacked jurisdiction over this matter because Petitioner actually was located in El Paso, Texas, at the time the petition was filed. *See* Doc. 28 at 1; Doc. 36 at 1.

The evidence presented to the Court establishes that Petitioner was located in the Western District of Texas at the time the petition was filed. The Court held an evidentiary hearing on December 11, 2025, where an ICE official responsible for detention operations at the Otero County Processing Center testified that Petitioner was never in custody at the facility. Doc. 30-1 at 1; Doc. 36 at 3. The Otero County Processing Center's detainee rosters from November 4 to November 6, 2025, do not include Petitioner's name, *see* Docs. 37-2, 37-3, 37-4, while Petitioner's detainee history report at the Camp East Montana detention facility in El Paso, Texas, reflect that Petitioner was checked into that facility at approximately 5:52 p.m. on November 5, 2025, *see* Doc. 37-5 at 1; Doc. 37-6 at 4. An ICE official responsible for detention operations at Camp East Montana, Assistant Field Office Director Alejandro Garcia, explained that the Camp East Montana detainee history entries are logged when a bracelet issued to a detainee is scanned and that "it would . . . not be possible for [Petitioner] to have log entries in the attached 'Detainee History Report' unless he was already physically present at [Camp East Montana]." Doc. 39-1 ¶¶ 10–13. By contrast, detainee activity at Otero County Processing Center is logged by hand. Doc. 36 at 2.

Further, Assistant Director Garcia provided that Petitioner arrived in El Paso, Texas on an ICE Air Charter flight on November 4, 2025, at approximately 7:10 p.m. Doc. 39-1 ¶ 7. ICE originally intended to detain Petitioner at the Otero County Processing Center but redirected him to Camp East Montana after his arrival in El Paso. *Id.* ¶ 14. Despite the change in plans, a contract employee "erroneously booked" Petitioner into Otero County Processing Center, and "when the mistake was realized, a second contract employee tried to correct the mistake by

3

transferring [Petitioner] to [Camp East Montana] in the system." *Id.* ¶ 15. Assistant Director Garcia states that Petitioner has been detained at Camp East Montana since at least 5:52 p.m. on November 5, 2025, several hours before the petition was filed. *Id.* ¶ 16.

The evidence thus establishes that Petitioner was in El Paso, Texas, at the time the petition was filed on November 5, 2025, and that the entries reflecting Petitioner's presence in New Mexico were made in error. The Court accordingly finds that Petitioner was located in the Western District of Texas at the time the petition was filed and that the petition should have been filed in that district. *See Ozturk*, 136 F.4th at 391. All that remains is to identify the correct statutory vehicle for transfer.

The parties ask that the case be transferred pursuant to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." However, a review of Tenth Circuit authority suggests that the transfer of a habeas petition under these circumstances should be made pursuant to 28 U.S.C. § 1631. *See, e.g.*, *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) ("Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631."); *see also Ozturk*, 136 F.4th at 391–92 & n.2 (affirming the transfer of a habeas petition pursuant to 28 U.S.C. § 1631 but "express[ing] no view as to whether transferring a petition pursuant to [28 U.S.C. §§ 1404(a) or 1406(a)] would similarly cure this defect"). Section 1631, title 28 of United States Code provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal *could have been brought at the time it was filed or noticed*, and the action or appeal

4

shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). The record and relevant case law establish that the petition should have been filed in the United States District Court for the Western District of Texas on November 5, 2025, at 10:21 p.m. The Court therefore will order that this matter be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1631, and the matter shall proceed as if it had been filed there on that date and time.

IT IS THEREFORE ORDERED that the motion to transfer is GRANTED and that the Clerk of the Court shall transfer this case to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1631.

_____
Laura Fashing
U.S. Magistrate Judge